**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SYLVAN LEARNING, INC. and SYLVAN**                                              **PLAINTIFF
LEARNING CENTERS, LLC**

**v.**                                           **4:11-cv-398-BSM**

**PCAG, INC.** *et al.*                                                                 **DEFENDANTS**

## TEMPORARY RESTRAINING ORDER

Sylvan Learning, Inc. (SLI) moves for a temporary restraining order against PCAG, Inc., Academic Advantage, and Anthony P. Gagliardo to stop them from using its trademarks and trade secret materials and to enforce the non-compete provisions of the license agreement between the parties. The defendants have not had the opportunity to respond. For the reasons set forth below, the motion for a temporary restraining order is GRANTED in part and DENIED in part.

Whether a temporary restraining order should be issued involves consideration of (1) the threat of irreparable harm to the movant; (2) the balance of the harms between the movant and other parties to the litigation; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 115 (8th Cir. 1981).

After reviewing the pleadings and affidavits, it appears that SLI it is likely to prevail on the merits. It also appears that SLI has presented strong evidence that it will suffer irreparable injury if defendants continue to use its trademarks and trade secrets and continue to violate the licensing agreement.

Additionally, protecting copyrights and trade secrets is in the public interest, especially where one organization may be deceptively using the trademarks of another well-known organization to attract or maintain its customer base. The public has a right to be certain that when visiting a Sylvan Learning Center, it is visiting an officially supported and licensed Sylvan Learning Center.

It is therefore ordered, pursuant to Federal Rule of Civil Procedure 65(b)(2), that defendants are TEMPORARILY ENJOINED AND RESTRAINED as set forth below:

1. Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, shall not use any of the trademarks, service marks, or trade names associated with SLI for any purpose;

2. Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, shall comply with all post-termination obligations of the Little Rock License Agreement and the Ace it! License Agreement, including Defendants' obligation to:

   a. cease to do business under any name incorporating or similar to Sylvan and cease using any and all SLI Marks, Ace it!, Marks, propriety programs, systems, techniques, or materials;

   b. promptly return to SLI all proprietary, confidential or trade secret materials in its possession, custody or control including, without limitation, the Confidential Operating Manual(s), all computer software database material, customer lists, records and files;

  c. remove immediately and until further rulings all signs, designs and insignia in any way indicating or suggesting that defendants' business is related to or connected with SLI, its subsidiaries or affiliates, or any of SLI's licensees; and

  d. cease using telephone number (501) 868-7068, which is associated with defendants' former Sylvan Learning franchise

  SLI also moves for a temporary restraining order to enforce the non-compete clause of the License Agreement. While SLI has demonstrated a chance of succeeding on the merits, it has not, however, shown how it will be irreparably harmed if the non-compete clause is not immediately enforced. There is no indication that it currently owns a directly competing business in the area that stands to imminently suffer unless the non-compete clause is enforced. Additionally, defendants stand to suffer substantial harm by the enforcement of the non-compete clause. Balancing the equities, it would be improper to immediately enforce the non-compete clause, especially without giving defendants an opportunity to be heard on the issue. The motion for a temporary restraining order to enforce the non-compete clause is DENIED.

  This temporary restraining order will remain in effect until May 24, 2011, at which point a hearing will be held to consider the propriety of issuing a preliminary injunction and whatever other equitable relief may be necessary and proper. The issue of immediately enforcing the non-compete clause will also be revisited at that time.

  IT IS SO ORDERED this 18th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE